*PITTSBURGH, C. C. & ST. L. RY. v. GUSSIE FRANCIS, ADMRX.

1. TESTIMONY BY WIFE THAT SHE IS ADMINISTRATRIX NOT PROOF OF HER CAPACITY TO SUE.

Testimony by wife that she is the administratrix of her husband is not proof that she was duly qualified and acting as such at the filing of the petition in an action for his death by wrongful act; but if there were no evidence of her legal capacity to sue, the defendant knowing or having good reason to believe that she had that capacity, judgment will not be reversed on that ground only.

2. PROVISIONS OF ACT QUALIFYING LIABILITY OF RAILWAYS FOR EMPLOYES' INJURIES APPLIES TO ACTION FOR WRONGFUL DEATH.

In an action for damages, brought under Gen. Code 10770 for the wrongful death of a locomotive engineer, alleged to have been due to a defective engine and a defective track upon which to operate it, it is proper to apply the provision of Gen. Code 9017, paragraph 2, qualifying the liability of railway companies for injuries to their employes.

ERROR to common pleas court.

*Maxwell & Ramsey*, for plaintiff in error.

*Sherman T. McPherson* and *Wm. M. Coffin*, for defendant in error.

A judgment for $5,000 was recovered below on account of the wrongful death of a locomotive engineer.

GIFFEN, P. J.

The testimony of the plaintiff that she is the administratrix of her husband, is not proof that she was duly qualified and acting as such administratrix at the time the petition was filed; but if there was no evidence at all of her legal capacity to sue, we would hesitate before reversing the judgment on that ground only, when the defendant knew, or had good reason

*Affirmed, no op., *Pittsburgh, C. C. & St. L. Ry.* v. *Francis*, 83 O. S. 520.

to believe, that she had such capacity. *Memphis & C. P. Co.* v. *Fogarty,* 6 Circ. Dec. 375 (9 R. 418).

It appears from the evidence that the defendant company was negligent in furnishing the deceased a defective locomotive engine, and a defective track upon which to operate it, and that by reason thereof he lost his life.

The court did not err in charging the jury in substance that the provisions of Gen. Code 9017, paragraph 2, "To qualify the liability of railroad companies for injuries to their employes," passed February 28, 1908 (99 O. L. 25), applied.

Whatever doubt may exist as to the application of Section 1 of the act to a cause of action under Gen. Code 10770, there can be no doubt that the clear and broad terms of paragraph 2 of the act apply to such a cause of action.

We find no prejudicial error in the record and judgment will be affirmed.

Swing and Smith, JJ., concur.